**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JAMES E. OVERBY,
et al.,**          **Plaintiffs,**

  **v.**                          **CASE NO. 06-3263-SAC**

**JOHNSON COUNTY ADULT
DETENTION CENTER,
et al.,**

  **Defendants.**

**MEMORANDUM AND ORDER**

This is a civil rights complaint, 42 U.S.C. 1983, signed by five inmates. The named defendants are the Johnson County Adult Detention Center (JCADC), and two "housing sergeants" at the JCADC.

Plaintiffs claim that "from mid July to mid August", 2006, they have been housed in certain cells at the facility having no fresh air or ventilation, with the temperature 90 degrees or above. Plaintiff Overbey complains that he has a sinus condition and was having trouble breathing, plus has suffered heat rashes due to these conditions. Plaintiffs assert these conditions amount to cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments.

**FILING FEE**

Each and every plaintiff is jointly and severally liable for satisfying the filing fee of $350.00 in this civil action. Only one plaintiff, Mr. Overby, has filed a motion for leave to proceed in forma pauperis. It appears that Mr. Overby has no funds, and should be granted leave. Even if Mr. Overby is granted leave to proceed without prepayment of fees after showing exhaustion of

administrative remedies, he will remain obligated to pay the filing fee through payments from his inmate account as funds become available.

In order to proceed in this action, the other four plaintiffs must submit either the filing fee of $350.00, or complete and file their own individual motions for leave to proceed in forma pauperis, with certified copies attached of the transactions in their institution accounts over the six months preceding the filing of the complaint. The plaintiffs other than Mr. Overby shall be given twenty (20) days to satisfy the filing fee in this action. If any of the plaintiffs fails to satisfy the filing fee within the allotted time, they will not be allowed to proceed in this action.

**SCREENING**

Because plaintiffs are prisoners, the court is required by statute to screen this complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiffs herein have not sufficiently pled exhaustion of administrative remedies. 42 U.S.C. 1997e(a) directs: "No action shall be brought with respect to prison conditions under (any federal law) by a prisoner confined in any (correctional facility) until such administrative remedies as are available are exhausted."

2

See Booth v. Churner, 531 U.S. 956 (2001)(section 1997e(a) requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels). The United States Supreme Court has held that this exhaustion requirement is mandatory and may not be disregarded by the court. Porter v. Nussle, 534 U.S. 516, 520 (2002). Exhaustion under Section 1997e(a) is a pleading requirement imposed upon the prisoner plaintiff. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004). It follows that a complaint that fails to adequately plead exhaustion amounts to one that fails to state a claim upon which relief can be granted. Id. The pleading requirement of 1997e(a) mandates that a prisoner either "attach a copy of the applicable administrative dispositions to the complaint, or . . . describe with specificity the administrative proceeding and its outcome." Id. The Tenth Circuit has also determined that "total" exhaustion is required. Ross v. County of Bernalillo, 365 F.3d 1181, 1188,-89 (10th Cir. 2004). Under the total exhaustion prerequisite, plaintiffs must have presented each and every claim raised in their complaint by way of the available administrative grievance procedures, or the complaint is subject to being dismissed without prejudice.

    Plaintiffs shall be given time to adequately plead exhaustion by either providing copies of the administrative grievances filed by each of them and the responses they received to those grievances, or by describing in detail the administrative process they each followed, and the grievances they each filed, together with the responses. If plaintiffs fail to adequately show exhaustion in the time allotted, the complaint may be dismissed, without prejudice,

with no further notice.

Only plaintiff Overby alleges any facts regarding exhaustion. He alleges he "put in a grievance to Sgt. Mahoney" who responded "the air conditioning is working at its best level." He also alleges that many different deputies notified the sergeant in charge of housing, that defendant Sgt. Cossaint checked the cells and had fans put in but it did not solve the problem, and that plaintiffs have been told to just deal with it. Plaintiff Overby further allege that "numerous inmates" who covered their windows with paper to drop the temperature a few degrees "were given tickets for having the window covered." These allegations by Mr. Overby are not sufficient to show full and total exhaustion of administrative remedies by him or the other plaintiffs. As noted, Mr. Overby and the other plaintiffs must each submit copies of his grievances, appeals and responses or describe them in detail. Moreover, the specific harm caused to each plaintiff must have been presented in his administrative grievances.

**FAILURE TO STATE A CLAIM**

The harm caused to each plaintiff as a result of the complained-of conditions is not even alleged in the complaint. Plaintiffs, other than Mr. Overby, must allege facts indicating how they were harmed by the allegedly unconstitutional conditions. All plaintiffs must also allege if they received disciplinary reports for covering their windows, and the facts regarding proceedings involving them if they seek to challenge such actions.

**RELIEF REQUESTED**

4

Plaintiff Overby asserts he is entitled to have his "status level" changed from maximum to medium custody, and be "sent back to" the new jail in Gardner.  Courts have no authority to designate the place of an inmate's confinement or change his custody classification.  Such matters are within the discretion of prison officials, and may not be interfered with by the courts absent a showing of arbitrary, capricious or unconstitutional action.  Furthermore, plaintiff Overby must show he has fully exhausted administrative remedies on his alleged need for a transfer and custody reclassification.

**IT IS THEREFORE ORDERED** that within twenty (20) days each plaintiff other than plaintiff Overby is required to submit either the filing fee of $350.00 in this civil action, or a completed motion for leave to proceed without prepayment of fees.

**IT IS FURTHER ORDERED** that within the same twenty-day period, plaintiffs must file supplemental materials to show why this action should not be dismissed for the reasons stated in this Memorandum and Order.

The clerk is directed to transmit forms for filing a motion for leave to proceed without prepayment of fees to all plaintiffs except Overby.

**IT IS SO ORDERED**.

Dated this 2nd day of October, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge